**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **PAULA M. OGURKIEWICZ,** | ) | |
| **individually and on behalf of all others** | ) | |
| **similarly situated,** | ) | |
| | ) | **Case No. _____** |
| **Plaintiff,** | ) | **(Removed from the Circuit Court** |
| | ) | **of Cook County, Illinois,** |
| **v.** | ) | **Case No. 2018-CH-03006)** |
| | ) | |
| **ULTA BEAUTY, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**NOTICE OF REMOVAL**

Defendant Ulta Beauty, Inc. ("Ulta Beauty" or "Defendant"), by and through its counsel, hereby gives notice of removal, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, of the above-captioned case from the Circuit Court of Cook County, Illinois, Case No. 2018-CH-03006, to the United States District Court for the Northern District of Illinois (Eastern Division). As grounds for removal, Ulta Beauty states as follows:

**GROUNDS FOR REMOVAL**

1. This Court has original subject-matter jurisdiction over this civil action, which seeks relief on behalf of putative nationwide classes, based on diversity of citizenship under 28 U.S.C. § 1332(d). This action may be removed to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, for the reasons stated below.

**SUMMARY OF PLEADINGS**

2. On March 7, 2018, plaintiff Paula M. Ogurkiewicz ("Plaintiff") filed a class-action complaint against defendant Ulta Beauty in the Circuit Court of Cook County, Illinois, Chancery Division, captioned *Paula M. Ogurkiewicz v. Ulta Beauty, Inc.*, Case No. 2018-CH-03006 (the

"State Court Action"). Attached as Exhibit 1A is a copy of the docket sheet from the State Court Action. Attached as Exhibits 1B, C, and D are copies of the Complaint, Summons, and Motion for Class Certification filed in the State Court Action.

3. As alleged in the Complaint, Ulta Beauty is a beauty retailer selling "cosmetics, fragrance, skin care products, hair care products, and salon services" and operating more than a thousand retail stores across 48 states and the District of Columbia. (Ex. 1B at 1.[1]) Plaintiff alleges that Ulta Beauty had a "routine practice of reselling used Beauty Products" at Ulta Beauty retail locations and that the alleged "routine practice has been in existence for over three years." (*Id.* at 6.) Plaintiff alleges that, as a result, consumers "purchased used Beauty Products that they otherwise would not have purchased" and suffered "economic damages in the form of monies spent to purchase used Beauty Products from [Defendant]." (*Id.* at 11.)

4. Plaintiff purports to represent herself and the following classes and subclasses:

a. **Damages Class**: "All consumers [nationwide] who purchased used Beauty Products from Defendant."

b. **Ultamate Rewards Damages Class**: "All consumers [nationwide] who used Ultamate Rewards points towards the purchase of used Beauty Products from Defendant."

c. **Illinois Damages Subclass**: "All Illinois consumers who purchased used Beauty Products from Defendant."

d. **Injunctive Relief Class**: "All consumers [nationwide] who will purchase Beauty Products from Defendant in the future."

---

[1] Several paragraphs in Plaintiff's Complaint appear to be erroneously numbered. For example, following paragraph 74 are paragraphs 66–115, and following paragraph 115 is paragraph 188. Therefore, for clarity, citations to the Complaint are to page numbers rather than paragraphs.

    e.  **Illinois Injunctive Relief Subclass**: "All Illinois consumers who will purchase

        Beauty Products from Defendant in the future."

Excluded from the classes and subclasses are Ulta Beauty and Ulta Beauty's affiliates, the Judge

to whom the case is assigned and his or her immediate family, any person who executes a timely

request for exclusion from the class, any person who has had his or her claims in this matter finally

adjudicated, and the legal representatives, successors, and assigns of any excluded person. (*Id.* at

13–15.)

    5.    Plaintiff seeks economic and non-economic damages (in unspecified amounts),

punitive damages, attorneys' fees, and injunctive relief. (*See, e.g.*, *id.* 22–23, 25–26.)

    6.    Ulta Beauty denies the Complaint's material factual allegations and any liability

whatsoever under any theory and in any amount. Solely for purposes of this Notice of Removal,

Ulta Beauty relies on Plaintiff's allegations, as set forth in the Complaint, as well as the attached

exhibits, to satisfy the requirements of removal under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

**JURISDICTION**

    7.    This Court has original subject-matter jurisdiction over this civil action based on

diversity of citizenship under 28 U.S.C. § 1332(d). This action may be removed to this Court

pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

**I.    Statutory Grounds for Removal**

    8.    28 U.S.C. § 1441(a) authorizes removal of any civil action filed in state court where

the United States District Court has original jurisdiction for such action. Section 1453 authorizes

the removal of "class actions," as defined in 28 U.S.C. § 1332(d)(1), to federal court. This Court

has original jurisdiction over this action under 28 U.S.C. §§ 1332(d)(2), (5), and (6), which provide

original jurisdiction over class actions in which the amount in controversy exceeds $5 million,

exclusive of interest or costs; the proposed class includes at least 100 members; and any member of the putative plaintiff class is a citizen of a State different from any defendant.

### A. Minimal Diversity of Citizenship

9.    Pursuant to 28 U.S.C. § 1332(d)(2)(A), the minimum diversity of citizenship required for removal exists here because at least one member of the putative class is diverse from Defendant Ulta Beauty.  Ulta Beauty is a Delaware corporation with its principal place of business in Illinois.  (Ex. 1B at 3.)  Ulta Beauty operates stores in 48 states and the District of Columbia. (*Id.* at 1.)  Plaintiff purports to represent a national class of consumers who have purchased or will purchase beauty products from Ulta Beauty in any of its numerous retail locations nationwide.  (*Id.* at 13–15.)  Because numerous putative class members are citizens of States other than Illinois or Delaware, the citizenship of the parties meets the requirement of minimal diversity.

### B. More than 100 Alleged Class Members

10.    Pursuant to 28 U.S.C. § 1332(d)(5)(B), Plaintiff's purported classes consist of more than 100 members.  According to the Complaint, "each of the Classes consists of thousands of individuals because Defendant 'is the largest beauty retailer in the United States' and, as of October 28, 2017, operated '1,058 retail stores across 48 states and the District of Columbia.'"  (Ex. 1B at 15.)

### C. More than $5 Million in Controversy

11.    Based on the Complaint's allegations, the amount in controversy exceeds $5 million, as required under 28 U.S.C. § 1332(d)(6).  In order to support removal, a defendant needs to provide only a "short and plain statement of the grounds for removal."  *Roppo v. Travelers Commer. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017); *see also Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly

how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." (citation omitted)).

12.     Although Ulta Beauty denies the allegations in the Complaint—including that this action is amenable to class treatment, that the material factual allegations are true, and that Plaintiff or the putative classes are entitled to any relief—the allegations in the Complaint nevertheless put more than $5 million in controversy.  Plaintiff alleges that the supposed practice described in the Complaint was "routine" at Ulta Beauty's 1,058 retail locations; that it related to "a variety of different" products sold by Ulta Beauty; and that, as a result, used products have been "routinely sold" by Defendants for "over three years."  (*See, e.g.,* Ex. 1B at 6, 25.)

13.     Plaintiff's broad allegations "put into 'controversy' the propriety of all of [the defendant's sales]."  *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 985–86 (7th Cir. 2008).  However, because the jurisdictional threshold is only a tiny fraction of Ulta Beauty's overall sales in even one year, even if the allegations put at issue only one-tenth of one percent (0.1%) of Ulta Beauty's sales over the last three years, the jurisdictional threshold would be far exceeded.  Ulta Beauty had net sales of approximately $5.88 billion in fiscal year ending February 2018, approximately $4.85 billion in fiscal year ending January 2017, and approximately $3.92 billion in fiscal year ending January 2016, for approximate total net sales from those three fiscal years of approximately $14.65 billion.  (Ulta Beauty's Securities and Exchange Commission Form 10-K filed April 3, 2018, Ex. 3, at 58.)  One-tenth of one percent of $14.65 billion is $14.65 million—nearly three times the jurisdictional threshold.  Plaintiff's allegations of a "routine" practice resulting in Defendant allegedly "routinely" selling used products certainly puts more than this tiny fraction of Defendants sales "in controversy."

14.     Again, Ulta Beauty denies Plaintiff's allegations and denies that Plaintiff or the putative classes are entitled to any relief whatsoever.  However, Plaintiff's demand to recover economic, non-economic, punitive, and restitution damages for classes that allegedly number in the thousands, in addition to nationwide injunctive relief that would be implemented at over 1,000 locations and attorneys' fees, plainly puts more than the required amount at stake to support removal.  (Ex. 1B at 22–23, 25–26, 29, 32, 35–36, 38, 39–40.)

**D.     Class Action Definitional Requirements**

15.     Although Ulta Beauty denies the allegations in the Complaint—including that this action is amenable to class treatment, that the material factual allegations are true, and that Plaintiff or the putative classes are entitled to any relief—this case also meets the definitional requirements for a class action as provided by 28 U.S.C. §§ 1332(d)(1)(B) and 1453(a) and (b).  For removal to be authorized by those provisions, the removed case must have been brought as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under a similar state statute or rule that authorizes one or more representative persons to maintain a class action.  Plaintiff's State Court Action seeks certification under 735 ILCS 5/2-801, which is Illinois' class-action statute.  (Ex. 1B at 13–15.)

**VENUE**

16.     This Court is the proper district court for removal because the Circuit Court of Cook County, Illinois, where the State Court Action was filed and is pending, is located within the United States District Court for the Northern District of Illinois (Eastern Division).  Accordingly, venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

**TIMELINESS**

17.     This removal is timely.  Plaintiff's Complaint was originally filed on March 7, 2018, and Defendant was served on March 8, 2018.  Defendant filed this Notice of Removal within the 30-day statutory time period set forth in 28 U.S.C. § 1446(b)(3).

**RECORD FROM THE STATE COURT ACTION**

18.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and documents on file in the State Court Action are attached as Exhibit 1.  A true and correct copy of Plaintiff's Complaint is attached as Exhibit 1B.

**NOTICE EFFECTED**

19.     Ulta Beauty concurrently is filing a copy of this Notice of Removal with the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Notice of Removal is attached as Exhibit 2.

20.     In addition, Ulta Beauty concurrently is serving Plaintiff with a copy of this Notice of Removal and the Notice of Filing of Notice of Removal that will be filed with the Circuit Court of Cook County, Illinois.

**NO WAIVER**

21.     By filing this Notice of Removal, Ulta Beauty does not waive any defenses available to it and does not admit any of Plaintiff's material allegations, including allegations of wrongdoing, allegations concerning damages, or any class-action allegations.

**CONCLUSION**

22.     WHEREFORE, having satisfied all the requirements for removal under 28 U.S.C. §§ 1441(a), 1446 and 1453, including the presence of all jurisdictional requirements established by 28 U.S.C. § 1332, Ulta Beauty respectfully serves notice that the above-referenced State Court

Action is hereby removed to the United States District Court for the Northern District of Illinois (Eastern District).

Dated:  April 5, 2018                                    Respectfully submitted,


                                                   /s/ *Craig C. Martin*

                                                   Craig C. Martin
                                                   Illinois Bar No. 6201581
                                                   Matt D. Basil
                                                   Illinois Bar No. 6242487
                                                   Paul B. Rietema
                                                   Illinois Bar No. 6300671
                                                   Jenner & Block LLP
                                                   353 N. Clark Street
                                                   Chicago, IL  60654-3456
                                                   cmartin@jenner.com
                                                   mbasil@jenner.com
                                                   prietema@jenner.com
                                                   Telephone: (312) 222-9350
                                                   Facsimile:  (312) 527-0484

                                                   *Attorneys for Ulta Beauty, Inc.*

## **CERTIFICATE OF SERVICE**

I, Paul B. Rietema, an attorney, certify that on this 5th day of April, 2018, a copy of the

foregoing ***Notice of Removal*** was served via e-mail and first class mail to:


      Patrick V. Dahlstrom
      pdahlstrom@pomlaw.com
      Louis C. Ludwig
      lcludwig@pomlaw.com
      POMERANTZ LLP
      10 South LaSalle Street, Suite 3505
      Chicago, IL 60603
      Telephone: (312) 377-1181

      Gustavo F. Bruckner
      gfbruckner@pomlaw.com
      Samuel J. Adams
      sjadams@pomlaw.com
      POMERANTZ LLP
      600 Third Avenue, 20th Floor
      New York, NY 10016
      Telephone: (212) 661-1100
      Facsimile: (212) 661-8665

      *Attorneys for Plaintiff and Putative Classes*


                     /s/ *Paul B. Rietema*
                   *Attorney for Ulta Beauty, Inc.*